NO. 07-06-0418-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 26, 2007
_____

DWAYNE KING, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 6392; HONORABLE LEE WATERS, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

Dwayne King perfected appeal from his conviction for the offense of money laundering. The clerk's and reporter's records were due on December 18, 2006. The clerk and reporter filed motions for extension citing appellant's failure to make arrangements for payment for the clerk's and reporter's records. Each motion was granted, extending the deadlines to February 2, 2007. We directed appellant's counsel to certify compliance with Rules of Appellate Procedure 34.6(b)(1), and 35.3(a)(2), (3) on or before January 8, 2007. Counsel's response recited appellant currently resides in Detroit, Michigan, that he is

indigent and is attempting to raise funds necessary to pay for the record. The response requests additional time to pay for the record but does not comply with Rule 10.5(b)(1) governing motions for extension of time. It also states that counsel has advised appellant that he must return to Texas for a hearing on indigence for appointment of counsel on appeal.[1] Counsel has not filed a notice that she no longer represents appellant in accordance with Rule 6.4 or a motion to withdraw complying with Rule 6.5. Nor has counsel filed a docketing statement required by Rule 32.2 and as directed by this court.

Accordingly we must abate the appeal and remand the case to the 223rd District Court of Gray County for further proceedings. Tex. R. App. P. 37.3(a)(2). Upon remand the trial court shall use such means as may be necessary, including a hearing if the court finds it necessary, to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent;

3. whether appellant is entitled to a free appellate record due to his indigence; and

4. whether appellant is represented by counsel or is entitled to appointed counsel.

The trial court shall cause any hearing held to be transcribed and shall conduct it in a manner designed to protect appellant's rights which may include presentation of testimony in any manner permitted by law. The court shall (1) execute findings of fact and

---

[1] The foundation for this advice is not clear from counsel's response.

2

conclusions of law addressing the foregoing issues, (2) cause to be developed a supplemental clerk's record containing the findings of fact and conclusions of law and all orders it may issue as a result of its compliance with this order, and (3) cause to be developed a reporter's record transcribing the evidence and arguments presented at any hearing conducted. Additionally, the district court shall then file the supplemental record with the clerk of this court on or before March 5, 2007. Should further time be needed by the trial court to perform these tasks, same shall be requested before March 5, 2007. Finally, if the trial court determines that appellant is entitled to appointed counsel and appoints counsel, it shall inform this court of the name, address, and state bar number of the appointed counsel.

It is so ordered.

Per Curiam

Do not publish.

3